UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : CIVIL ACTION NO. 3:01 cr 0205 (SRU) |
| VS. | : |
| GARY FALCETTA | : AUGUST 3, 2005 |

### DEFENDANT'S MOTION FOR RESENTENCING

Defendant Gary Falcetta ("Mr. Falcetta"), through his attorneys Day, Berry & Howard, LLP, hereby moves this Court to resentence him following the July 5, 2005 remand order issued by the United States Court of Appeals for the Second Circuit, and further requests that such resentencing take place on or before October 14, 2005. In support of this Motion, Mr. Falcetta states as follows:

1. On July 5, 2005, in response to a motion filed by the Government and consented to by Mr. Falcetta, the Second Circuit issued a remand order in this case pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), and United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). Accordingly, this Court now must decide whether to resentence Mr. Falcetta.

2. During the original sentencing proceeding in this case, held on December 9, 2003, this Court denied Mr. Falcetta's motion seeking a downward departure based on Mr. Falcetta's family circumstances, the disparity between his sentence and those of his co-defendants, and other grounds. However, this Court's comments suggested that in the absence of mandatory Sentencing Guidelines, Mr. Falcetta might well have received a lighter sentence. For example, the Court stated to Mr. Falcetta:

> ...I think it's a tragic situation that you are sitting where you are and you have a young family who's going to be separated from you for some significant period of time of incarceration . . . .And it an all too frequent and unfortunate situation that I

> find myself in facing someone who has made sometimes a single, sometimes only a couple; in your case it's basically a single bad decision and you're facing a very significant period of incarceration as a result of it. . . . I agree with your lawyer that I would prefer a system in which I was not bound as I am bound by the Federal Sentencing Guidelines. . . . But that's not the system we're in. The system we're in is one where the Sentencing Guidelines control except in those extraordinary circumstances, those rare circumstances where a departure is warranted....

(A complete transcript of the December 2003 sentencing proceeding is attached as Exhibit A.)

3. On or about October 28, 2005, Mr. Falcetta expects to enter a 15-month Residential Drug Abuse Program ("RDAP") run by the Bureau of Prisons. The undersigned counsel is informed that once he begins the RDAP, Mr. Falcetta will not be able to participate in or be present for any subsequent court proceeding without jeopardizing his continued enrollment in the program.

4. Accordingly, Mr. Falcetta requests that this Court schedule a new sentencing proceeding in this matter, and that it do so on or before October 14, 2005, to allow him to participate in the RDAP. Mr. Falcetta will be prepared to submit a Sentencing Memorandum within a few weeks should the Court decide that a resentencing is appropriate.

5. The Government has been contacted but has not yet stated its position on this motion.

WHEREFORE, Mr. Falcetta respectfully requests that this Court enter an order (1) scheduling a resentencing hearing on or before October 14, 2005, and (2) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
GARY FALCETTA

By_____
Michael P. Shea (ct 19598)
Jennifer L. Sachs (ct 20684)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
*mpshea@dbh.com*
*jlsachs@dbh.com*
Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on this date, via first-class mail, postage prepaid, to:

Sandra Glover
Assistant United States Attorney
United States Attorney's Office
District of Connecticut
157 Church Street
New Haven, CT  06510

_____
Jennifer L. Sachs