# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**JUDGMENT IN A CRIMINAL CASE**

UNITED STATES OF AMERICA

v.

**CASE NO. 3:01CR205 (SRU)**

**ALEX COLE**
2654 McMullen Booth Rd., Apt. 112
Clearwater, FL 33761
SSN: 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     DOB: 08/17/65

**James J. Finnerty**, Assistant U.S. Attorney

**Timothy Aspinwall**
Defendant's Attorney

The defendant pled guilty to count **One** of an Indictment after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **One,** which involves the following offense:

Title & Section: **21:846**                              Count: **One**
Nature of Offense: **Conspiracy to Possess with Intent to Distribute More than 100 grams of heroin**
Date Offense Concluded: **8/9/01**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **eighteen months**.

Upon release from custody, the defendant shall be on supervised release for a term of **seven years**. During supervised release, the defendant shall be subject to the mandatory conditions set forth in U.S.S.G. § 5D1.3(a) and the standard conditions set forth in U.S.S.G. § 5D1.3(c).

Special Conditions of Supervised Release include: That the defendant shall perform 200 hours of community service to be approved by the probation office and shall be completed during his period of supervised release.

The Court recommends to the Bureau of Prisons: **that defendant be assigned to a facility close to his family in Florida.**

The defendant shall voluntarily surrender to the U.S. Marshal for this district, **on or before December 1, 2002**, or at such other time and place as designated by the Bureau of Prisons.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of probation/supervised release imposed above, it is hereby Ordered that the general conditions of probation/supervised release set out on the reverse side be imposed.

Count **Two** dismissed on the motion of the United States.

It is ordered that the defendant shall pay a Special Assessment of **$100.00,** for count **One** which shall be due **immediately.**

**October 25, 2002**
Date of Imposition of Sentence

Stefan R. Underhill, U.S.D.J.   Date: **October 30, 2002**

CERTIFIED AS A TRUE COPY
ON THIS DATE   NOV 0 _ 2002
Kevin F. Rowe, Clerk
BY: _____

# STANDARD CONDITIONS OF SUPERVISED RELEASE/PROBATION

While on supervised release or probation, the defendant shall abide by the following conditions in addition to any special conditions set by the court:

1) The defendant shall not commit another federal, state, or local crime;
2) The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and shall submit a truthful and complete written report within the first 5 days of each month;
3) The defendant shall pay any such restitution and fines that remains unpaid at the commencement of the term of supervised release;
4) The defendant shall not leave the judicial district without the permission of the court or probation officer;
5) The defendant shall answer truthfully all inquires by the probation officer and follow instructions of the probation officer;
6) The defendant shall support his or her dependents and meet other family responsibilities;
7) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
8) The defendant shall notify the probation officer within 72 hours of any change in residence or employment;
9) The defendant shall not possess a firearm or destructive device;
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
13) The defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
14) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
15) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

---

## RETURN

I have executed this judgment as follows:

_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                              John R. O'Connor
                              United States Marshal

                              By:_____
                                  Deputy Marshal

re. 6/27/02

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

## JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

CASE NO. 3:01CR205 (SRU)

**TRAVIS WRIGHT**
100-02 34th Avenue
Corona Queens, NY 11368
SSN: 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    DOB: **01/01/72**

James J. Finnerty, Assistant U.S. Attorney
Kari Dooley, Assistant U.S. Attorney
Robert G. Golger
Defendant's Attorney

The defendant pled guilty to count **One** of the Indictment after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **One,** which involves the following offense:

Title & Section: **21:846**                                Count: One
Nature of Offense: **Conspiracy to Distribute Heroin**
Date Offense Concluded: **8/9/01**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **twenty-two months**.

Upon release from custody, the defendant shall be on supervised release for a term of **four years**. During supervised release, the defendant shall be subject to the mandatory conditions set forth in U.S.S.G. § 5D1.3(a) and the standard conditions set forth in U.S.S.G. 5D1.3(c).

The court recommends to the Bureau of Prisons: That defendant be assigned to a facility near New York City.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of probation/supervised release imposed above, it is hereby Ordered that the general conditions of probation/supervised release set out on the reverse side be imposed.

Count **two** dismissed on the motion of the United States.

It is ordered that the defendant shall pay a Special Assessment of **$100.00,** for count **One** which shall be due **immediately.**

**September 5, 2002**
Date of Imposition of Sentence

_____
Date September 6, 2002

**CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Kevin F. Rowe, Clerk
BY: _____
       Deputy Clerk**

# STANDARD CONDITIONS OF SUPERVISED RELEASE/PROBATION

While on supervised release or probation, the defendant shall abide by the following conditions in addition to any special conditions set by the court:

1) The defendant shall not commit another federal, state, or local crime;
2) The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and shall submit a truthful and complete written report within the first 5 days of each month;
3) The defendant shall pay any such restitution and fines that remains unpaid at the commencement of the term of supervised release;
4) The defendant shall not leave the judicial district without the permission of the court or probation officer;
5) The defendant shall answer truthfully all inquires by the probation officer and follow instructions of the probation officer;
6) The defendant shall support his or her dependents and meet other family responsibilities;
7) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
8) The defendant shall notify the probation officer within 72 hours of any change in residence or employment;
9) The defendant shall not possess a firearm or destructive device;
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
13) The defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
14) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
15) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

---

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                John R. O'Connor
                United States Marshal

              By:_____
                Deputy Marshal

re. 6/27/02

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

**RIGOBERTO RENDON**
17 Churchill Street
Queens, NY
SSN: N/A                    DOB: **8/07/68**

**JUDGMENT IN A CRIMINAL CASE**

CASE NO: 3:01CR205 (SRU)

Kari Dooley, Assistant U.S. Attorney

Patricia A. King, Esq.
Defendant's Attorney

The defendant pled guilty to count **one** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **one**, which involves the following offense:

Title & Section: **21:846**                    Count: **one**
Nature of Offense: **Conspiracy to Distribute Heroin**
Date Offense Concluded: **8/09/01**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **Time Served.** Upon release from custody, the defendant shall be on supervised release for a term of **4 years.**

The sentence reflects a downward departure from the Sentencing Guideline range. That departure was made, pursuant to U.S.S.G. Section 5K1.1, to reflect the defendant's substantial assistance in the investigation and prosecution of others.

Special Conditions of Supervised Release include: 1) If deported, voluntarily leaves the country, or leaves by some other mechanism, the defendant shall not re-enter the United States without the written approval of the Attorney General and notification to the United States Attorney's Office and the United States Probation Office for the District of Connecticut. 2) The defendant shall participate in a substance abuse treatment program, either as an in patient or an out patient, as approved by the probation office which may include random testing to determine if the defendant has used drugs or alcohol. The defendant shall pay all, or a portion of, the costs associated with substance abuse treatment, based on his ability to pay, in an amount determined by the probation officer.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

Count **two** dismissed on the motion of the United States.

It is ordered that the defendant shall pay a Special Assessment of **$100,** for count **one.**

October 29, 2003
Date of Imposition of Sentence

Stefan R. Underhill, United States District Judge
Date: October 29, 2003

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* _____
*Kevin F. Rowe, Clerk*
*BY:* _____
    *Deputy Clerk*

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


John R. O'Connor
United States Marshal


By: _____
    Deputy Marshal

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**UNITED STATES OF AMERICA**

v.

**SHAUN EVANS**
**174 Stanley Place**
**Hackensack, NJ  07061**
SSN.                              DOB: **8/27/77**

**JUDGMENT IN A CRIMINAL CASE**

CASE NO. 3:01CR205 (SRU)

**Karl Dooley**, Assistant U.S. Attorney

**John Walkley, Esq.**
Defendant's Attorney

The defendant pled guilty to count **one** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **one**, which involve the following offense:

Title & Section: **21:841(a)(1) & 846**                    Count: **one**
Nature of Offense: **Conspiracy to Possess with Intent to Distribute Heroin**
Date Offense Concluded: **8/09/01**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **Time Served**.  Upon release from custody, the defendant shall be on supervised release for a term of **4 years**. A fine of $5,000 is imposed with deferral of payments for the first 24 months.

The sentence reflects a downward departure from the Sentencing Guideline range. That departure was made, pursuant to U.S.S.G. Section 5K1.1, to reflect the defendant's substantial assistance in the prosecution of others.

Special Conditions of Supervised Release include: 1) The defendant shall provide the probation officer with access to requested financial information.  2) The defendant shall not incur new credit card charges or open additional lines of credit without the permission of the probation officer. 3) The defendant shall perform 250 hours of community service approved of by the probation officer.  4) The defendant shall pay a fine of $5,000 beginning October 31, 2005 at the rate of $100 per month with interest.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

Count **two** dismissed on the motion of the United States.

It is ordered that the defendant shall pay a Special Assessment of **$100.00**, for count **one** which shall be due **immediately**.

October 29, 2003
Date of Imposition of Sentence

Stefan R. Underhill, United States District Judge
Date: October 29, 2003

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE** _____

Kevin F. Rowe, Clerk
BY: _____
    Deputy Clerk

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

- (1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
- (2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
- (3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
- (4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
- (5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
- (6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
- (7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
- (8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
- (9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
- (10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
- (11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
- (12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
- (13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
- (14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

### RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
John R. O'Connor
United States Marshal

By: _____
    Deputy Marshal