# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

U.S.A. vs. GARY ROBERTO FALCETTA                                   Docket No. 3:01CR00205(SRU)

### Petition For Modification of Conditions or Term of Probation/Supervised Release with the Consent of the Offender

**COMES NOW,** Patrick D. Norton, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Gary Roberto Falcetta, who was sentenced to 70 months' incarceration, to be followed by 4 years' supervised release for a violation of 21 U.S.C. §§ 846 and 841(a)(1), charging Conspiracy to Possess With Intent to Distribute and Distribution of a Controlled Substance, by the Honorable Stefan R. Underhill, United States District Judge, sitting in the court in Bridgeport, Connecticut on December 9, 2003, and imposed the general terms and conditions theretofore adopted by the court and also imposed the special condition and term as follows: 1) If deported, removed or voluntarily departs from the United States the defendant may not enter the United States without the written approval of the U.S. Attorney General and notification to the U.S. Attorney's Office and the U.S. Probation Office for the District of Connecticut; 2) The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, which may include random testing, at a program approved by the U.S. Probation Office. The defendant shall pay all or part of the costs associated with substance abuse treatment, based on his ability to pay.

Mr. Falcetta commenced his four-year term of supervised release on March 9, 2007, in the Eastern District of New York.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

A Notification of Arrest Report was received from the United States Probation in the Eastern District of New York, stating that on June 12, 2008, the defendant was arrested by the New York City Police Department (NYPD) and charged with Assault With Intent to Cause Physical Injury and Acting in a Manner Injuring a Child Under the Age of Seventeen. On June 7, 2008, a domestic dispute and altercation occurred between the defendant and his wife at their Queens residence in New York, wherein the NYPD responded after being dispatched for a potential domestic altercation. The defendant was not initially arrested. However, on June 12, 2008, the defendant was instructed to report to the 109th Precinct for further questioning about the aforementioned domestic incident, at which time, he was arrested and charged with the aforementioned Class A Misdemeanor offenses. According to the arrest report, the defendant "threw the victim, his wife, to the floor and choked her with two hands and further slapped his wife in the face causing redness to the neck and a laceration to her lower lip. The defendant's eleven year old daughter, attempted to separate the two and the defendant subsequently pushed her with one hand, resulting in the child striking her head against the wall. Neither the wife nor daughter required medical attention. The defendant and his wife claim that the incident was "all a misunderstanding."

On June 15, 2008, after posting $2,500 bail, the defendant was released from custody. The Court also imposed a full-restraining order, precluding the defendant from having any contact with his wife. As such, the defendant is currently residing with his mother, also located in Queens, New York. The defendant's criminal matters remain pending.

On July 22, 2008, the defendant's supervising probation officer was interviewed via telephone and further confirmed that the defendant is also engaged in Anger Management counseling through the Queens County Criminal Court. However, the defendant's supervising officer expressed his concerns that this conduct was totally out of the norm for this client and that additional mental health counseling is needed to explore what triggers may have provoked this alleged outburst. The client has acknowledged that such additional intervention is needed and signed a waiver to modify his special conditions to include mental health counseling (please find the attached waiver, dated July 9, 2008).

**PRAYING THAT THE COURT WILL ORDER** that this petition will serve:

☐ To extend the term of probation/supervised release.
■ To modify the conditions of supervision as follows:

"The defendant shall participate in a program approved by the U.S. Probation Office for mental health treatment; the defendant shall pay all or part of the costs associated with substance abuse treatment, based on his ability to pay."

**ORDER OF COURT**

Considered and ordered this 28th day of August 2008 and ordered filed and made a part of the records in the above case.

/s/ Stefan R. Underhill, USDJ
The Honorable Stefan R. Underhill
United States District Judge

Respectfully Submitted,

Patrick D. Norton
United States Probation Officer

Place: New Haven, Connecticut

Date: July 30, 2008

PROB 49                                                                                               IR-CJ

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

## UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF CONNECTICUT

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*The releasee shall participate in mental health treatment, as directed by the Probation Department. The releasee shall contribute to the cost of services rendered or any pyschotropic medications prescribed via co-payment or full payment in an amount to be determined by the Probation Department, based upon the releasee's ability to pay and/or the availability of third party payment.*

Witness: _____   Signed: _____
U.S. Probation Officer                             Probationer or Supervised Releasee

7·9·08
DATE

TOTAL P.02